CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2014

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARTHA W. HARRIS, | ) |
| | ) Civil Action No. 7:13CV00273 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Martha W. Harris, was born on December 6, 1961, and eventually completed her high school education. Mrs. Harris earned a B. S. degree in animal science, and she completed additional training as a licensed veterinarian technician. Plaintiff worked for many years as a veterinarian technician. She last worked on a regular and sustained basis in 2007. On

January 29, 2010, Mrs. Harris filed an application for a period of disability and disability insurance benefits. Some time later, she filed an application for supplemental security income benefits. Mrs. Harris alleged that she became disabled for all forms of substantial gainful employment on August 15, 2007, due to low back pain radiating into her left leg and foot, depression, and high blood pressure. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Harris met the insured status requirements of the Act through the third quarter of 2011, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before September 30, 2011. See generally, 42 U.S.C. § 423(a).

Mrs. Harris' claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 25, 2011, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Harris suffers severe impairments caused by degenerative disc disease status post anterior/posterior lumbar fusion at L4-L5 and L5-S1. (TR 14). The Law Judge also noted that plaintiff has a history of emotional problems, including depression, anxiety, and mood disorder, which are not severe in impact. (TR 14). Because of the back condition, the Law Judge ruled that Mrs. Harris is disabled for her past relevant work activity. However, the Law Judge determined that plaintiff retains sufficient functional capacity for a limited range of light work activity. The Law Judge assessed Mrs. Harris' residual functional capacity as follows:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps and stair, but not ladders, ropes, or scaffolds. She can occasionally balance, kneel, stoop, crouch, and crawl. She should avoid concentrated exposure to hazards, such as dangerous moving machinery and unprotected heights.

(TR 15). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Harris retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Harris has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

3

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Harris has a history of low back problems. She has also been treated for pain, numbness, and instability in her left lower extremity.[1] Mrs. Harris has received treatment for her back and leg conditions from three medical specialists: Dr. James M. Leipzig, an orthopedic surgeon; Dr. Clement A. Elechi, a neurologist; and Dr. Murray E. Joiner, Jr., a pain specialist. Following an examination on July 5, 2011, Dr. Joiner produced a physical assessment which indicates that Mrs. Harris is totally and permanently disabled for all forms of work. (TR 796-97). However, the court believes that the record supports the Administrative Law Judge's reliance on reports from Dr. Leipzig and Dr. Elechi in concluding that plaintiff's musculoskeletal problems and related pain are not so severe as to prevent performance of a limited range of light work. Moreover, the court finds that the Law Judge reasonably weighed plaintiff's testimony in concluding that her complaints of debilitating pain and physical limitations are not fully credible. The court believes that the Administrative Law Judge properly relied on testimony from a vocational expert in concluding that Mrs. Harris has remained capable of performing several specific work roles existing in significant number in the national economy at all relevant times. In short, the court finds substantial evidence to support the Law Judge's ultimate conclusion that plaintiff is not disabled for all forms of substantial gainful employment. It follows that the Commissioner's final decision must be affirmed.

---

[1] The medical record also establishes that plaintiff has been treated for a variety of other conditions, including chronic rhinitis, dizziness, faintness, sinus tachycardia, and high blood pressure. She has been treated for depression, anxiety, alcohol abuse, and mood disorder. However, the court agrees that the medical record indicates that these difficulties have either proven transitory or subject to reasonable medical control. The court finds substantial evidence to support the Law Judge's determination that these other difficulties are not so severe as to limit performance of the physical activity for which plaintiff is otherwise capable.

4

Mrs. Harris has experienced lower back and left leg problems for many years. She has been treated by Dr. James M. Leipzig, the orthopaedic surgeon, over a period of several years. Dr. Leipzig performed an anterior/posterior lumbar fusion at L4-5 and L5-S1 in early March of 2010. Prior to that surgical procedure, Dr. Leipzig summarized Mrs. Harris' history as follows:

> This is a patient that I initially evaluated back in July 2005 at the request of Dr Walter Kerschl. At that point she was a 40-year-old patient. She at that point was status post prior left L5-S1 surgery by Dr Edgar Weaver. She had persistent left S1 radicular complaints and numbness and was evaluated by an MRI demonstrating possible disk recurrence. She was noted, however, to have a chronic S1 radiculopathy and also epidural fibrosis. She was referred to Dr Joiner for this nonsurgical issue and has been followed by Dr Joiner for many years. Dr Elechi then asked that I reevaluate her in December 2009. At that point she has had development of significant back symptoms as well as her chronic left leg pain, now for many years duration. Dr Elechi had evaluated her with an EMG demonstrating essentially normal study. She was noted to have advanced collapse of L5-S1 disk, significant L5-S1 foraminal stenosis, chronic left S1 radicular pain, and she was referred to Dr Joiner for diskography. These demonstrated no pain at L3-L4, concordant pain at L4-L5 with a grade 4 annular tear, severe concordant pain at L5-S1, and the left L5-S1 laminotomy defect.
>
> Although there is no good surgical answer for her left leg pain which is now many years' duration, it is felt that arthrodesis would have an opportunity to decrease the back pain and catching type symptom which was reproduced with the diskography. Following discussion with regard to options for management, we arranged for her to proceed with surgery.

(TR 707).

On June 21, 2010, Dr. Leipzig reported on a follow-up examination. At that time, Mrs. Harris indicated that she was doing quite well and felt much better. (TR 747). Dr. Leipzig noted that plaintiff's forward flexion was unremarkable and that she stood upright without difficulty. (TR 747). The surgeon concluded that "the patient is doing quite well." (TR 747). Mrs. Harris remained under the care of Dr. Clement Elechi, the neurologist, for pain, numbness, and instability in her left leg. On March 7, 2011, Dr. Elechi summarized plaintiff's status as follows:

5

> Ms. Harris comes in for followup of her leg pain. She had lumbar spine surgery roughly a year ago. That did help her back pain, but her leg symptoms did not change. She still has an aching pain and some numbness, especially toward the left foot. She is usually ambulant, but randomly and intermittently left leg gives way and she falls. She can pick herself up right away. Right leg has been normal. No upper extremity symptoms. No other neurological findings.

(TR 791). At that time, Dr. Elechi listed clinical findings as follows:

> No muscular atrophy. No fasciculations. Strength testing is 5/5 in individual muscle groups bilaterally. Able to stand on toes and heels. Normal, symmetrical reflexes. No gait pathology.

(TR 791). Dr. Elechi diagnosed left leg pain and left leg weakness without signs of any significant axonal injury, atrophy, or central nervous system pathology. (TR 791). According to the neurologist, Mrs. Harris experienced no restrictions regarding daily activities. (TR 791).

The court believes that the Administrative Law Judge reasonably relied on the reports from the two treating medical specialists in determining that Mrs. Harris' musculoskeletal and neurological problems are not so severe as to prevent performance of lighter forms of work activity. Simply stated, neither specialist identified any physical condition, either before or after the more recent surgical procedure, which could be expected to cause disabling left leg symptoms. Moreover, it appears undisputed that the surgical procedure performed by Dr. Leipzig in March of 2010 was successful in remedying plaintiff's lower back problems.

While it is true that Dr. Joiner continued to credit plaintiff's complaints, and stated that Mrs. Harris is disabled for all forms of work activity, the court believes that there is substantial evidence in support of the Law Judge's determination to give greater weight to the reports of Dr. Leipzig and Dr. Elechi. In this context, the court also notes that there is support for the Commissioner's argument that Dr. Joiner's clinical findings have not been such as to support a

6

determination of total disability. For example, on August 30, 2010, Dr. Joiner reported that Mrs. Harris had indicated that her low back felt stronger despite some continuing pain. (TR 774). On that occasion, Dr. Joiner noted that plaintiff was volunteering at a hospital, though she complained of difficulty sitting or standing too long. (TR 774). Moreover, in the report in which he concluded that Mrs. Harris is totally disabled, Dr. Joiner offered no physical findings in support of his conclusion as to plaintiff's permanent and total inability to participate in employment. Indeed, in that report, Dr. Joiner attributed plaintiff's physical limitations to her lower back problems, rather than her lower leg difficulties. As previously noted, there is simply no objective evidence to support a finding that plaintiff's lower back problems are so severe as to prevent regular work activity. It follows that there is substantial evidence to support the Commissioner's decision not to credit the opinion evidence from Dr. Joiner.

On appeal to this court, plaintiff argues that the Administrative Law Judge's opinion is deficient in several respects. Mrs. Harris contends that the Law Judge failed to accord proper weight to the opinion of Dr. Joiner. However, as noted above, the court believes that Dr. Joiner's opinion is in conflict with reports from other treating physicians, as well as Dr. Joiner's own clinical findings. In such circumstances, the court must conclude that there is substantial evidence to support the Law Judge's resolution of the conflicts in the medical record.

Mrs. Harris also maintains that the Law Judge filed to accord proper weight to plaintiff's testimony as given at the administrative hearing on October 11, 2011. Without question, Mrs. Harris' testimony indicates that she is no longer able to work on a regular and sustained basis because of the problems with her left leg. However, in terms of plaintiff's subjective complaints, it must be noted that, in order for pain to be deemed disabling, there must be objective medical

7

evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, despite medical input from a variety of specialists, the court finds that no physician has identified any objective, physical condition which could be expected to produce the level of discomfort described by Mrs. Harris in her testimony. For that matter, the court believes that plaintiff's testimony is somewhat inconsistent with the complaints given to her doctors at the time of office visits. For example, Mrs. Harris testified that she experiences severe pain in her lower back if she stands for more than half an hour. (TR 49). Yet, as outlined above, all of the medical reports indicate that plaintiff's low back pain substantially improved after Dr. Leipzig's surgical procedure. In short, the court finds substantial evidence to support the Law Judge's resolution of the credibility issues in Mrs. Harris' case.

In affirming the final decision of the Commissioner, the court does not suggest that Ms. Harris is free of all pain, discomfort, weakness, and left leg instability. Indeed, the medical record confirms that plaintiff has undergone two surgical procedures, and that she continues to experience residuals in her lower back and left leg. However, despite regular medical attention, no doctor has identified any mechanical problem which could be expected to produce totally disabling musculoskeletal or neurological discomfort. It is well settled that the inability to do work without any discomfort, does not of itself render a claimant totally disabled. Craig v. Chater, supra., 594-95. It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. <u>Richardson v. Perales</u>, <u>supra</u>; <u>Oppenheim v. Finch</u>, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 24th day of September, 2014.

*/s/ Glen Conrad*
Chief United States District Judge